JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Gracinda Pereira

**DEFENDANTS**
A&S Services Group, LLC t/a A&S Kinard

(b) County of Residence of First Listed Plaintiff: York
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: York
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Samuel A. Dion, Esquire, Dion & Goldberger
1845 Walnut Street, Suite 1199 Philadelphia, PA 19103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII

Brief description of cause:
Pregnancy Discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GRACINDA PEREIRA | : |
| | : No. |
| v. | : |
| | : JURY TRIAL DEMANDED |
| A&S SERVICES GROUP LLC t/a | : |
| A&S KINARD | : |

**CIVIL ACTION COMPLAINT**

COMES NOW, Plaintiff, by counsel, and complains of defendant as follows:

JURISDICTION

1. This Court has jurisdiction over this matter pursuant to the 42 U.S.C. Section 2000(e) et seq. of the Civil Rights Act of 1964 as amended (hereinafter "Title VII") and The Pregnancy Discrimination Act of 1978 (hereinafter "PDA"). This Complaint has been filed within 90 days after issuance of a Notice of Right to Sue by the EEOC.

PARTIES

2. Plaintiff, Giaconda Pereira, is an adult individual who resides at 1691 Long Drive, York, PA 17406.

3.  Defendant, A&S Services Group LLC t/a A&S Kinard, is a corporation with a place of business located at 310 North Zarfoss Drive, York, PA 17404.

FACTS

4.  At all times material hereto, defendant employed more than 15 people nationally.

5.  On about April 27, 2015, plaintiff began working as a commercial truck driver for defendant.

6.  Plaintiff became pregnant in September 2016.

7.  On December 2, 2015, plaintiff notified defendant that she was pregnant and she presented a doctors note to defendant requesting to reduce her work hours to no more than 40 hours per week (8 hours per day), and to take breaks "when necessary," as an accommodation for her pregnancy.

8.  After agreeing to grant the accommodations that plaintiff's doctor had recommended, defendant and its agents started to treat plaintiff differently.

9.  Before she notified defendant that she was pregnant, plaintiff was regularly assigned to non-smoking trucks virtually every workday because she explained that she was allergic to the smoke.

10. Before plaintiff notified defendant that she was pregnant, she also was assigned to only automatic transmission trucks, which are easier to operate.

11. After notifying defendant that she was pregnant, plaintiff was never again assigned to non-smoking and automatic transmission trucks, and instead, every truck to which she was assigned reeked of cigarettes and had a manual transmission.

12. Plaintiff complained multiple times that she should not be around smoke because she was pregnant and because she was allergic to smoke, and the smoke smell caused her to continuously cough.

13. Despite plaintiff's complaints, defendant forced her to drive the cigarette smelling manual transmission trucks, and defendant's agent, Brian (plaintiff's Driving Manager) told her: "If you don't want to drive that truck you can go home."

14. Plaintiff reluctantly continued to drive the cigarette smelling trucks to keep her job.

15. After December 2015, plaintiff specifically complained and requested that defendant to assign her an automatic transmission truck like she had always been assigned before defendant knew she was pregnant, but her complaints were ignored.

16. Plaintiff was out sick (unrelated to her pregnancy) from February 12, 2016 through February 21, 2016 due to a sinus

infection and pleurisy and she was cleared to return to work full duty (with the prior accommodations for her pregnancy) on February 22, 2016.

17. While she was out sick, plaintiff asked defendant if she should bring a note upon her return and Brian told her that she did not need one.

18. Plaintiff came in to work on February 22, 2016, and Brian (my Manager) assigned her a truckload to haul.

19. Before she could start work that day, plaintiff then saw Brian's manager whisper something to Brian and Brian asked me if she had a doctor's note.

20. Plaintiff reminded Brian that he told her she did not need a note, but Brian then insisted that plaintiff needed a note.

21. Plaintiff went straight to her doctor's office and got the note on February 22, 2016.

22. On February 23, 2016, plaintiff called Brian and told him that she had the note and would be in later that day, but Brian told plaintiff that he did not have any work for plaintiff and told her to stay home.

23. On February 24, 2016, plaintiff again called Brian and told him she would be in later that day, but Brian again told her to stay home—this time because of "bad weather".

24. Plaintiff always worked in bad weather in the past and there were was never a shortage of loads in the past.

25. On February 25, 2016, plaintiff decided to drive straight to work and confront Brian.

26. After waiting for 30 minutes trying to get Brian's attention, plaintiff handed him the doctor's note.

27. Brian then informed plaintiff that she was terminated.

28. On February 26, 2016, plaintiff called Sandy Latchaw in defendant's Human Resources Department and Ms. Latchaw told her that she was terminated because she missed "7 days" of work.

29. Plaintiff was never issued any warnings about attendance pursuant to defendant's progressive discipline policy.

30. Defendant later falsely contended to the Department of Labor that plaintiff was terminated for being no-call/no-show on February 12, 2016 and February 15, 2016.

31. This was blatantly false in that plaintiff called Brian every day during the time period that she was absent.

32. Defendant's proffered shifting reasons for plaintiff's termination were blatantly false and were mere pretext to mask the true reason for her termination.

33. The true reasons that plaintiff was terminated were because she was pregnant and because she made a reasonable request for an accommodation for her pregnancy.

33. Defendant treated plaintiff differently than similarly situated non-pregnant commercial truck drivers who requested accommodations for medical reasons.

34. Plaintiff was terminated in violation of Title VII and the PDA because she was pregnant and because she requested accommodation for her pregnancy.

35. Defendant is responsible for the actions of its agents, because they were plaintiff's supervisors.

36. Plaintiff was subjected to humiliation, embarrassment, and mental anguish as a consequence of defendant's unlawful adverse employment action taken against her.

37. Plaintiff was suffered lost pay and other financial losses, and she was subjected to humiliation, embarrassment, and mental anguish as a consequence of defendants' termination of her employment.

38. Plaintiff has engaged in great efforts to mitigate her damages by searching for new employment, but she has been unsuccessful in her efforts to find equivalent employment to date.

39. Plaintiff is entitled to recover reasonable attorneys fees and costs associated with the prosecution of this lawsuit

COUNT 1- PREGNANCY DISCRIMINATION

40. Plaintiff repeats paragraphs 1-39 as if more fully set forth herein.

41. By and through its conduct, defendant violated Title VII and the PDA by intentionally discriminating against plaintiff and by terminating her employment because she was pregnant and requested accommodations for her pregnancy.

WHEREFORE, plaintiff demands that judgment be entered in his favor on Counts 1 against defendant for lost pay, lost bonuses, lost benefits, other financial losses, compensatory damages for emotional pain and suffering, punitive damages, liquidated damages, attorneys fees, costs, interest,

reinstatement and any other relief that this Honorable Court deems to be fair and proper.

                                                 _____
Samuel A. Dion, Esq.
Dion & Goldberger
Signature Code: SAD2282
1845 Walnut Street
Suite 1199
Philadelphia, PA 19103
215-546-6033
Fax: 215-546-6269
Email: samueldion@aol.com

                                                 /s/ Richard B. Bateman, Jr.
Richard B. Bateman, Jr., Esq.
21 West Second Street
Suite 300
Media, PA 19063
610-566-3322
Fax: 610-548-9986
Email: batemanlaw@aol.com

Attorneys for Plaintiff

Date: May 1, 2017